FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QING ZHANG,<br><br>       Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.  20-72299<br><br>Agency No. A098-753-756<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[***] District Judge.

Qing Zhang, a native and citizen of the People's Republic of China

("China"), petitions for review of the Board of Immigration Appeals' ("BIA")

---

 [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***]  The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

decision affirming the Immigration Judge's ("IJ") denial of Zhang's petition to remove the conditions on her residence, under 8 C.F.R. § 216.4. Because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and provided its own review of the evidence and law, we review the decisions of both the BIA and IJ. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir.), *cert. denied sub nom. Fermin v. Barr*, 141 S. Ct. 664 (2020). We review adverse credibility determinations for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We also review for substantial evidence whether a petitioner "entered into [a] qualifying marriage in good faith." *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

In removal proceedings, "the totality of the circumstances" is relevant to a credibility determination, including consistency between the petitioner's statements and other evidence. 8 U.S.C. § 1229a(c)(4)(C); *Alam v. Garland*, 11 F.4th 1133, 1135-37 (9th Cir. 2021) (en banc). IJs must examine the record as a whole, citing "specific instances in the record that form the basis of the adverse credibility finding," *Tamang v. Holder*, 598 F.3d 1083, 1093-94 (9th Cir. 2010), and considering any inconsistencies in light of all the evidence presented, *see Garcia v. Holder*, 749 F.3d 785, 790-91 (9th Cir. 2014).

The IJ found, and the BIA agreed, that neither Zhang nor her U.S. citizen husband, Kevin Harold, was a credible witness. In making these determinations, the IJ properly considered the totality of the circumstances, *see Alam*, 11 F.4th at 1135, and cited specific examples supporting the adverse credibility finding, *see Tamang*, 598 F.3d at 1093-94. As the IJ noted, the record is replete with moments when Zhang and Harold gave contradictory answers about their personal lives, did not know fundamental information about one another—including, for example, whether Zhang had children—and apparently attempted to conceal Zhang's ongoing relationship with her first husband. These numerous and significant inconsistencies throughout the record provide substantial evidence supporting the adverse credibility determinations. *See Iman*, 972 F.3d at 1064.

Contrary to Zhang's assertions, the IJ considered Zhang's and Harold's explanations for some of the underlying inconsistencies, *see Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam), but permissibly chose to reject the explanations in making the credibility determinations, *see Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In addition to finding implausible their explanations for various inconsistent statements about travel, employment, and families, the IJ also considered and rejected the corroborating documentary evidence, in part because it was created either immediately before or after the initial denial of her application in 2011, calling into question its credibility. Zhang

3

contends the IJ did not properly consider her explanations, and indeed proffers additional ones to this court, but the IJ was not required to accept them as true in assessing her credibility. *See id.*

We also reject Zhang's argument that the IJ improperly denied her petition to remove conditions on her residence. If a qualifying marriage was "entered into for the purpose of procuring an alien's admission as an immigrant," a petition to remove conditions on residence will be denied. 8 U.S.C. § 1186a(b)(1)(A)(i); *see also* 8 C.F.R. § 216.4(a)(5), (c). To determine whether a marriage was entered into in good faith or for the primary purpose of procuring immigration benefits, the "sole inquiry . . . is whether the parties intended to establish a life together at the time of marriage." *Damon*, 360 F.3d at 1089. Zhang produced no objective documentary evidence or witnesses showing her intent at the time of marriage, *see id.* at 1088-89, and because the IJ found Zhang's and Harold's statements not credible, little evidence supports a good faith determination.

Rather, substantial evidence supports the determination that Zhang did not enter her marriage in good faith. *See id.* at 1089. The record reflects that Zhang had an ongoing relationship with her first husband, that Zhang and Harold likely did not share a residence, and that the two did not know basic information about each other, even years into the marriage. Their statements and inconsistencies show that either Harold and Zhang did not know each other at all after many years

4

of marriage, or that they failed to tell the whole truth in their interviews, both of which support the IJ's determination that they did not enter the marriage in good faith. *See also Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148-49 (9th Cir. 2005) (permitting an IJ to consider actions after marriage "to the extent that those actions bear on the subjective intent of the parties at the time they were married").

**PETITION FOR REVIEW DENIED.**